# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FIERRO, | Case No. 1:24-cv-1413-KES-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| RAUL MORALES, et al., | (ECF No. 20) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joe Fierro ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On October 29, 2025, the Court screened the first amended complaint and granted Plaintiff leave to amend.  (ECF No. 19.) Plaintiff's second amended complaint, filed December 2, 2025, is currently before the Court for screening.  (ECF No. 20.)

## I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is out of custody.  The events in the complaint are alleged to have occurred while Plaintiff was housed at California Substance Abuse Treatment Facility ("SATF").  Plaintiff names the following defendants: (1) J. Ruiz, Correctional Officer; (2) Lt. Beam; (3) E. Smith, Correctional Officer; (4) J. Hillman, Correctional Officer; and (5) C. Critchloin, Correctional Officer.

In Claim I, Plaintiff alleges:

> J. Ruiz, sexual discriminated by signaling me out.  My floor officer's at yard time let every inmate go to yard.  I was the only Transgender inmate that was told to go back in my building.  My floor officers said that I was ok to go outside to yard.  J. Ruiz gave me a 115 RVR for no reason.  I had (Regular Day Off) RDO.  He still didn't care about the Memo Approved by Captin E. Smith.  I lost all my A.I.A. privileges.  Lt. Beam heard my RVR.  He treaten me by intimidated.  There's camara footage on all this.  Morales denied all my witness when Corretional Office Brazil is my witness.  They all violated my SB 132 being a transgender woman.  a state worker took advers action against me they violated my 1st Amendment Rights.  They didn't let me go outside because of all this.  I couldn't eat, sleep or do anything without being discriminated.

(ECF No. 20 at 3-4) (unedited text).

In Claim II, Plaintiff alleges "Due process, freedom of religion, freedom of association freedom from cruel and unusual punishment.  1st, 5th, 8th, 6th, 14th Amendment Rights violated." (ECF No. 20 at 4.)  Plaintiff further alleges, "I want to get all body camaras from all the defendants, and my witness C/O Brazil C/O Sanchez of the day of the incident." (*Id.*)

As relief, Plaintiff wants to bring all the evidence in court.  He also seeks payment, and

2

$1,000,000.00 for emotional, mental depression.

### III.    Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

The second amended complaint is short, but it is not a plain statement of Plaintiff's claims. The complaint is disjointed and difficult to understand. It is unclear from the amended complaint what happened, when it happened, and who was involved. As Plaintiff previously was informed, general assertions regarding Plaintiff's rights are not sufficient, and Plaintiff may not merely allege a denial of multiple constitutional rights without any factual support for denial of those rights. Despite being provided notice of the Rule 8 pleading requirements, Plaintiff has been unable to cure this deficiency.

#### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

3

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's amended complaint fails to link Defendants Smith, Hillman, or Critchloin to any alleged deprivation of rights.  Indeed, Plaintiff does not name Defendants Hillman or Critchloin in any of the factual allegations or claims.  As to Defendant Smith, Plaintiff merely alleges that Defendant Ruiz did not care about a memo approved by Defendant Smith.  Plaintiff does not link Defendant Smith to any deprivation of rights.  Plaintiff's references to "they" are not sufficient to link individual defendants to the claims.  Despite being provided with notice of the linkage requirement, Plaintiff has been unable to cure these deficiencies.

**C. Supervisory Liability**

Insofar as Plaintiff is attempting to sue any defendant based on his/her supervisory role, Plaintiff may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty.*, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Here, Plaintiff has failed to establish that any supervisory defendant participated in or directed any constitutional violation or implemented a policy so deficient that it was the moving force of any constitutional violation.

///

### D.  First Amendment

#### 1.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

As with his first amended complaint, Plaintiff's second amended complaint fails to state a cognizable retaliation claim.  Plaintiff has failed to allege facts to support the elements of a claim for retaliation. The amended complaint's allegations are conclusory, and Plaintiff fails to allege that he engaged in any protected conduct or that any adverse action was taken against him because of that protected conduct.  He also fails to allege that any adverse action chilled his First Amendment rights or that it did not reasonably advance a legitimate correctional goal.  Plaintiff's conclusory statements are not sufficient to state a claim.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.

#### 2.  Freedom of Religion

Incarcerated persons do not forfeit the right to the free exercise of religion, which is guaranteed by the First Amendment.  *See McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122-23 (9th Cir. 2013).  To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests."  *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-

5

50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

Plaintiff's second amended complaint does not state a cognizable free exercise of religion claim. Plaintiff does not allege any facts to support the elements of such a claim. He does not allege that any prison official's actions substantially burdened the exercise of a sincerely-held religious belief and did so in an unreasonable manner. As Plaintiff was previously informed, general assertions regarding his rights are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those rights.

### 3. Freedom of Association

The nature of Plaintiff's claim for violation of his right to association is unclear. "An inmate does not retain rights inconsistent with proper incarceration" and "freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." *Id.* Plaintiff's second amended complaint does not allege any facts to support a cognizable freedom of association claim.

### E. Fifth Amendment

Plaintiff appears to assert a violation of the Fifth Amendment due process clause. The Fifth Amendment's due process clause only applies to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Since Plaintiff is not proceeding against any federal government employees, he is unable to state a cognizable claim for violation of his rights under the Fifth Amendment.

### F. Sixth Amendment

The nature of Plaintiff's claim for violation of the Sixth Amendment is unclear. However, the Sixth Amendment only guarantees an accused certain rights related to a criminal prosecution. U.S. Const. Amend. VI; *see Wilson v. Beard*, No. 2:15–cv–01481–AC P, 2017 WL 1650631, at *3 (E.D. Cal. May 2, 2017) (Sixth Amendment inapplicable to prisoner suits based on conditions of confinement). Plaintiff's amended complaint does not include allegations implicating the Sixth Amendment.

**G. Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corr. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731. Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated. The nature of this claim is unclear. Plaintiff does not include any factual allegations detailing the circumstances, nature, and duration of the alleged deprivation. He does not identify the alleged deprivation, nor does he adequately allege that any defendant knew of and disregarded an excessive risk to his health or safety.

**H. Fourteenth Amendment**

**1. Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Shakur*, 514 F.3d

7

at 891.  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff's second amended complaint fails to state an Equal Protection claim. Plaintiff does not identify who told him to go back inside or the circumstances surrounding this claim. It appears from his allegations that Plaintiff alone was ordered off the yard, but he has not shown that he was discriminated against because of his membership in any protected class.  Nor has Plaintiff shown that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Plaintiff's conclusory statements that he was discriminated against do not suffice.  Despite being provided with the relevant legal standard, Plaintiff has been unable to cure this deficiency.

### 2.   False Rules Violation Report and Disciplinary Hearing

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C 08-3209 JSW (PR), 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 F. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, No. CIV S-07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 F. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a

cognizable claim for relief under § 1983."). Plaintiff fails to state a claim for any purportedly false or unsupported accusations by Defendant Ruiz.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached ...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that his RVR hearing failed to comply with the *Wolff* elements. Plaintiff appears to complain that camera evidence was not provided. However, denial of a specific piece of evidence does not necessarily violate due process. The second amended complaint does not allege facts indicating that Plaintiff was completely precluded from presenting evidence, nor does it assert facts explaining the relevance of the excluded evidence, any reasons the evidence was excluded, or how its exclusion prejudiced him.

Plaintiff also claims he was denied all witnesses. Prison officials may choose to refuse an inmate's request to call witnesses for reasons of "irrelevance, lack of necessity, or the hazards

9

presented in individual cases." *See Wolff*, 418 U.S. at 566. "As a general rule, inmates 'have no constitutional right to confront and cross-examine adverse witnesses' in prison disciplinary hearings." *Santibanez v. Havlin*, 750 F. Supp. 2d 1121, 1128 (E.D. Cal. 2010). Moreover, Due Process is not violated where the hearing officer failed to believe certain evidence or chose to believe other evidence. Plaintiff has failed to allege that he was not provided Due Process as required by the *Wolff* elements. *See Crutcher v. Cate*, No. CV 11-1688-JAK (DTB), 2012 WL 6023752, at *6 (C.D. Cal. July 30, 2012), report and recommendation adopted, 2012 WL 6022865 (C.D. Cal. Dec. 4, 2012) (noting that "a prisoner's right to call witnesses and present documentary evidence at a disciplinary hearing is not unlimited" and that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits" including limiting presentation of documentary evidence).

## IV.    Conclusion and Recommendation

Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the

10

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 4, 2026**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE